UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No. 06-20144

LEVIRNE DUKE SANSBURY,         Honorable Patrick J. Duggan

    Defendant.
                                     /

## ORDER
## DENYING GOVERNMENT'S MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 6, 2006.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                           U.S. DISTRICT COURT JUDGE

On September 5, 2006, this Court issued an Opinion and Order granting Defendant's motion to suppress evidence. On September 19, 2006, the Government filed a motion for reconsideration and reversal of this Court's Opinion and Order. Eastern District of Michigan Local Rule 7.1(g)(3) provides that a Court will not grant a motion for rehearing or reconsideration that "merely present[s] the same issues ruled upon by the Court . . . . The movant must not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case."

The Court, having reviewed the Government's motion for reconsideration, finds there is no "palpable defect by which the Court and the parties have been misled." E.D. MICH. L.R. 7.1(g)(3). The Government, basically, presents the same arguments it presented in its opposition to the motion to suppress. Neither the facts cited by the Government nor the cases relied upon by the Government persuade this Court that a different disposition of this case is warranted.

The Government sets forth as a "fact" upon which it is relying in support of its motion for reconsideration, the following: "8. Immediately before approaching Sansbury, police saw him engaged in conduct consistent with street level narcotics dealing (8/11/06 Tr. at 14-16)." The only "police" that allegedly saw Defendant "engaged in conduct consistent with street level narcotics dealing," as set forth on the identified pages, was Officer Kozlowski. Moreover, the Government acknowledged that Officer Kozlowski's previous testimony contradicted that given at the hearing held on August 11, 2006. Specifically, Officer Kozlowski testified a month earlier that after "looking at this location for approximately 20 minutes . . . , [he] did not actually see [Defendant] do anything that was either wrong or illegal." (7/11/06 Tr. at 14). Officer Kozlowski further testified that when Defendant was "standing at that location, he's not doing anything wrong or illegal . . . he's just standing there." (*Id.* at 16). Nor was Officer Kozlowski aware of another officer who saw Defendant do anything wrong or illegal. (*Id.* at 14).

Obviously, the Court must make a determination whether Officer Kozlowski's testimony on July 11, 2006, that he did not see Defendant doing anything wrong or illegal, is more credible than his testimony on August 11, 2006, that he had probable cause to believe

2

that "Mr. Sansbury was involved in the sale of narcotics, specifically, crack cocaine." (8/11/06 Tr. at 15). Based on Officer Kozlowski's observations, it is difficult for this Court to understand how he could conclude that he had probable cause to believe that the Defendant was involved in the sale of narcotics, specifically, crack cocaine.[1] In this Court's opinion, the more credible testimony is that Officer Kozlowski did not observe the Defendant doing anything wrong or illegal before Officer Ventimiglio ordered Defendant to the ground and handcuffed him.[2]

Moreover, Officer Kozlowski's testimony that he observed two or three persons have brief contact with Defendant for "twenty, thirty seconds," (7/11/06 Tr. at 31), cannot warrant a conclusion that there was probable cause to believe that Defendant was, at that time, engaged in drug trafficking. As the Tenth Circuit stated in *U.S. v. Melendez-Garcia*, 28 F. 3d 1046 (10th Cir. 1994),

> We note that the stop was based on suspicion of trafficking drugs. Drugs and guns and violence often go together, and thus this might be a factor tending to support an officer's claim of reasonableness. However, there was no evidence or testimony from the police that they had reason to believe these particular suspects had guns or were violent or that the circumstances of this particular encounter warranted the unusual intrusiveness of handcuffing the defendants during the *Terry* stop.

---

[1] Although Officer Kozlowski testified he believed he had probable cause that the Defendant was involved in the sale of narcotics, specifically crack cocaine, the Government acknowledged at the hearing on August 11, 2006, that prior to the search and discovering the narcotics, the police did not have probable cause to arrest him. (8/11/06 Tr. at 84).

[2] It is clear from Officer Ventimiglio's testimony that he did not observe Defendant engaged in any illegal activity before he ordered him to the ground and handcuffed him. (*See* 8/11/06 Tr. at 53).

3

*Id.* at 1052-53. As set forth in its initial Opinion and Order, it is this Court's belief that the police, in this case, exceeded the scope of the *Terry* stop by conducting an unjustified search of Defendant's person looking for drugs the police were led to believe Defendant carried in his crotch area. The police certainly had the right to pat the Defendant down for the purpose of determining whether or not he possessed a weapon. *Terry v. Ohio*, 392 U.S. 1, 27, 88 S. Ct. 1868, 1883 (1968). However, in this Court's opinion, the police went beyond that which was reasonable in conducting a *Terry* stop. By handcuffing the Defendant and ordering him to the ground, the *"Terry* stop" resulted in an unjustified search to determine if Defendant had narcotics on his person.[3]

For the reasons set forth above,

**IT IS ORDERED** that the Government's Motion for Reconsideration is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Timothy Barkovic, Esq.
John Freeman, AUSA

---

[3] In fact, Officer Ventimiglio testified that he patted Defendant down to search for "weapons for safety," but that he was searching for "[n]arcotics as well." (8/11/06 Tr. at 54).